## Commonwealth v. Groce

*D. Michael Emuryan, Assistant District Attorney,* for Commonwealth.

*Richard H. Anderson,* for defendant.

BLOOM, *J.*, January 10, 1979.—On December 23, 1977 informations were filed against defendant, Wesley Groce, charging him with voluntary manslaughter, involuntary manslaughter, aggravated assault (5 counts), recklessly endangering another person (6 counts), and accidents involving death or personal injury (4 counts).

On March 13, 1978 counsel was appointed to represent defendant.

In March of 1978 defendant filed motions to quash informations on the grounds that the more recent enactment of the legislature in the Vehicle Code, 75 Pa.C.S.A. §3732, homicide by vehicle, superseded the Crimes Code section on involuntary manslaughter, 18 Pa.C.S.A. §2504, under the particular factual allegations of this case. This motion was heard by the Honorable William R. Toal, Jr. and was denied.

Trial commenced before a jury on April 5, 1978. The charge of voluntary manslaughter as well as one count of aggravated assault was withdrawn. On April 6, 1978 defendant was found guilty of the remaining charges.

Defendant has filed post trial motions and it is those motions that are now before the court for disposition.

Defendant first contends that it was error to dismiss his motion to quash alleging that the enactment of 75 Pa.C.S.A. §3732, homicide by vehicle, superseded the crime of involuntary manslaughter in this case. The Crimes Code, 18 Pa.C.S.A. §2504(a) defines involuntary manslaughter as follows: "A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or

grossly negligent manner, he causes the death of another person."

It has long been recognized that the negligent, reckless or improper operation of a motor vehicle was one of the many specific types of conduct which could come within this general definition and which could constitute involuntary manslaughter: Com. v. Hinds, 244 Pa. Superior Ct. 182, 366 A.2d 1252 (1976).

A review of the statute on homicide by vehicle indicates no legislative intent to supersede the practice of charging violators with involuntary manslaughter. In light of this lack of express notice by the legislature, it is mere speculation to suggest that the former practice is now proscribed. It is axiomatic that implied repeals are not favored by the law and this court refuses to view the homicide by vehicle statute as such. There is no evidence of legislative intent that the new statute is preemptive in cases of vehicular death.

Defendant also complains that the charge to the jury assumed a fact that was within the province of the jury. Defendant alleges that the court, in charging the jury, implied that defendant was in fact the driver.

It is generally accepted principle that in determining whether or not a jury charge contained a fair summary of the evidence, the charge must be read in its entirety: Com. v. Kelly, 245 Pa. Superior Ct. 351, 369 A.2d 438 (1976). Although the court felt that the charge, when read as a whole, was a fair one, the court, after a defense objection that the charge allegedly assumed defendant was the driver, made the following instruction: "Of course, members of the jury, you must find beyond a reasonable doubt this defendant was the operator of

the car. If he was not the operator of the car, of course, he wouldn't be guilty of any of these offenses, and your verdict must be not guilty." Thus, this court cannot agree that any facts were assumed nor was the province of the jury invaded in any manner. The court is satisfied that the charge, when read as a whole, is a fair one: Kelly, supra.

Finally defendant complains that the court erred when it refused defendant's request to appoint specific counsel. Counsel for defendant was appointed on March 13, 1978, and at that time defendant objected, requesting the appointment of a specific attorney of his choosing. It goes without citation that an indigent accused is entitled to the appointment of counsel for his defense. However, there is no constitutional requirement that the court must accede to a specific request by a defendant and appoint the counsel of his choice: Com. v. Johnson, 428 Pa. 210, 236 A.2d 805 (1968). In any event, there is no evidence that defendant was less than ably represented by the appointed counsel and there is no merit to a request for a new trial on this basis.

Therefore, we enter the following

## ORDER

And now, January 10, 1979, after consideration of briefs submitted by respective counsel and argument before the court en banc, it is hereby ordered and decreed that:

1. Defendant's motion for a new trial is dismissed;

2. Defendant's motion in arrest of judgment is dismissed;

3. Defendant is directed to appear before this court for sentencing on Thursday January 18, 1979 at 2:00 p.m., Courthouse, Media, Delaware County,. Pa.